UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LISA QUINTERO,

Plaintiff(s),

v.

NATIONAL RAILROAD PASSENGER CORPORATION,

Defendant(s).

CASE NO. 3:20-cv-05677-TL

ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter is before the Court on Defendant National Railroad Passenger Corporation's ("Amtrak") Motion to Compel Updated Deposition of Plaintiff ("Motion to Compel"). Dkt. No. 45. Having considered the relevant record, the Court hereby GRANTS the Motion to Compel, as set forth below.

## I. BACKGROUND

This case involves injuries arising out of the derailment of an Amtrak train that occurred on July 2, 2017. Dkt. No. 45 at 2.

      Defendant conducted a deposition of Plaintiff Lisa Quintero on July 16, 2021. Dkt. No. 45 at 2. At the time, trial was scheduled for February 2022, with formal discovery to be completed by October 25, 2021. Dkt. No. 22. On September 22, 2021, Defendant learned that Plaintiff had suffered a fall down some stairs (on or around July 28, 2021, *see* Dkt. No. 46-7 at 2) and requested further information regarding the incident as well as subsequent medical care, including the production of related medical records. Dkt. No. 46-2 at 3–5.[1] Plaintiff responded on October 25, providing the requested details and agreeing to sign a release for her medical records. *Id.* On that same day, as required by Federal Rule of Civil Procedure 26(e), Plaintiff informed Defendant that she had moved to Oregon. Dkt. No. 46-3 at 3–4.

      On January 27, 2022, the Court rescheduled trial for June 2022 following the reassignment of this case to this Court,[2] though discovery remained closed. Dkt. No. 31. On April 1, at Defendant's motion, the Court further postponed the trial to the currently scheduled date of October 3, 2022. Dkt. No. 44.

      On April 22, Defendant requested Plaintiff's updated medical records. Dkt. No. 45 at 2; Dkt. No. 46-4 at 2. Defendant provides no explanation for the six-month delay in following up on the discovery requests. On May 26, having received no response, Defendant again requested the updated medical records and added a request for a second deposition of Plaintiff. Dkt. No. 46-5 at 2. Defendant eventually met and conferred with Plaintiff on June 23, and Plaintiff agreed to provide updated medical records but not to a second deposition, even with "reasonable restrictions as to time or subject matter" (which Defendant does not specify). Dkt. No. 46 at 1. Defendant now seeks to compel Plaintiff to participate in a second deposition. Dkt. No. 45 at 4.

---

[1] Plaintiff also appears to have injured her head on or around August 10, 2021, and had multiple emergency room visits in August and October 2021. Dkt. Nos. 46-7, 46-8, 46-9.

[2] This case was reassigned to Judge Tana Lin on December 13, 2021. Dkt. No. 25.

## II. Legal Standard

"Parties [in a civil litigation] may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering such factors as "the importance of the issues at stake in the action," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, the Court must limit discovery where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

A party may depose someone a second time only with leave of court. Fed. R. Civ. P. 30(a)(2)(A). While the Court has discretion to permit the deposition, the Court must weigh the various standards and factors set out above. Fed. R. Civ. P. 30(a)(2) ("[T]he court must grant leave [for a deposition] to the extent consistent with Rule 26(b)(1) and (2)[.]"); *see, e.g.*, *Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) ("Whether to re-open a deposition lies within the court's discretion."); *City of Rialto v. Dep't of Def.*, 2008 WL 11343315, at *3 (C.D. Cal. Mar. 18, 2008) (granting a second deposition). Finally, the Court may only modify a case schedule for good cause. Fed. R. Civ. P. 16(b)(4).

## III. Discussion

Defendant argues that there have been significant changes in Plaintiff's life, namely Plaintiff's July 2021 fall, subsequent medical treatment, and out-of-state move, that are relevant

to a potential reduction in damages and therefore justify the reopening of discovery and taking a second deposition of Plaintiff. Dkt. No. 45 at 2–3; Dkt. No. 49 at 2. Defendant also cites alleged factual inconsistencies in the updated medical records, such as the location of Plaintiff's fall and Plaintiff's ability to perform "physical labor." Dkt. No. 45 at 2–3; Dkt. No. 49 at 2. Plaintiff counters that a second deposition is burdensome and unnecessary, especially because Plaintiff's first deposition was "less than a year" ago (now, a little over a year ago). Dkt. No. 47 at 6, 8.

As an initial matter, Defendants were made aware of Plaintiff's fall down some stairs in September 2021 and learned information about her subsequent medical treatment and her move to Oregon in October 2021. Dkt. Nos. 46-2, 46-3. Yet Defendant appears to have sat on this information for almost six months—despite the then-fast-approaching trial date—without making any effort to obtain the information it now seeks. Dkt. No. 46-4 (Defendant's April 22 letter requesting updated medical records). Another month later, Defendant finally requested a second deposition of Plaintiff. Dkt. No. 46-5 (May 26 letter). Defendant provides no explanation for this delay, and the Court is perplexed as to why Defendant waited so long to pursue this information. Defendant notes that it may not yet have all the additional medical records from these injuries that it needs (Dkt. No. 45 at 2), but that is a situation of Defendant's own making.

Nonetheless, the Court agrees that the new information regarding Plaintiff's new injuries and medical treatment is sufficient to warrant a second deposition, though of a limited nature. As Plaintiff argues (Dkt. No. 47 at 3), it may very well be that a plaintiff in most personal injury cases continues to receive medical treatment through the time of trial, and so continued treatment alone generally does not justify a new deposition. *See, e.g.*, *Morris v. Mitsubishi Motors N. Am., Inc.*, 2011 WL 13228306, at *1 (E.D. Wash. Aug. 8, 2011) (denying motion to compel second deposition of tort plaintiff for updated information since first deposition 18 months prior). But here, Plaintiff appears to have suffered from injuries requiring emergency room visits and other

subsequent medical treatment, all of which occurred after her deposition. As these injuries might reduce Plaintiff's damages from the date of the incidents forward, and specific information regarding such injuries and related treatment may be needed to determine the damages in this case, the Court finds good cause under the standards set forth in Federal Rule of Civil Procedure 26 to partially reopen discovery and recall Plaintiff for a limited deposition.

However, Plaintiff's out-of-state move is not sufficiently relevant to the case to justify the costs and burdens of preparing for and conducting a deposition on that topic. Therefore, the Court will only allow Defendant a one-hour deposition of Plaintiff limited to questions about any injuries Plaintiff may have suffered following her first deposition, any related medical treatment, and what physical limitations, if any, resulted from any such injuries. The deposition may be conducted remotely, at Plaintiff's request.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Compel (Dkt. No. 45) is GRANTED, subject to the following limitations: Defendant may conduct a one-hour second deposition of Plaintiff, limited in scope to any injuries she suffered subsequent to her prior deposition and related medical treatment and resulting physical limitations. The deposition shall be conducted remotely, if Plaintiff so wishes, and must occur within **twenty-one (21) days** of this Order.

Dated this 28th day of July 2022.

Tana Lin
United States District Judge