UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LISA QUINTERO,

　　　　　　　　　Plaintiff(s),

　　v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

　　　　　　　　　Defendant(s).

CASE NO. 3:20-cv-05677-TL

ORDER REGARDING
MOTIONS IN LIMINE

　　　　This matter comes before the Court on the Parties' motions *in limine*. Dkt. Nos. 27, 29.

Having considered the relevant record, the Court hereby GRANTS in part, DENIES in part, and

RESERVES RULING in part the motions *in limine* as explained below.

## I.　　BACKGROUND

　　　　This is a tort action arising out of a July 2, 2017 derailment of a train that injured Plaintiff

Lisa Quintero, a passenger on the train. Dkt. No. 1-2 at 4. Plaintiff filed suit in Washington state

court against Defendant National Railroad Passenger Corporation ("Amtrak"), the owner and

operator of the derailed train, asserting a claim of negligence and seeking damages and costs and

fees. *Id.* at 4, 7–9. Defendant removed to federal court on the basis of federal question jurisdiction and diversity jurisdiction. Dkt. No. 1 at 2–3. This case is scheduled for a jury trial beginning on October 3, 2022. Dkt. No. 44. Defendant has admitted liability for Plaintiff's compensatory damages proximately caused by the derailment. Dkt. No. 17 at 4 (Amtrak's answer to complaint).

In advance of the trial, both Parties have filed their respective motions *in limine*. *See* Dkt. Nos. 27, 29. The motions *in limine* are now fully briefed and before the Court for its consideration.

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area . . . so that admissibility is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). While the Federal Rules of Evidence ("FRE") do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *Id.*; *Liu v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 717540, at *1 (W.D. Wash. Feb. 24, 2021).

A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."); *City of Pomona v. SQM N. Am.*

1  *Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (district court may change its *in limine* ruling at trial

2  if testimony brings unanticipated facts to the court's attention).

3                              **III.    DISCUSSION**

4          Because many of the Parties' motions *in limine* are brought under FRE 401, 402, and

5  403, the Court lays out the three rules here:

6          **FRE 401.    Test for Relevant Evidence**
           Evidence is relevant if:
7                  (a) it has any tendency to make a fact more or less probable
                       than it would be without the evidence; and
8                  (b) the fact is of consequence in determining the action.

9          **FRE 402.    General Admissibility of Relevant Evidence**
           Relevant evidence is admissible unless any of the following
10         provides otherwise:
                   • the United States Constitution;
11                 • a federal statute;
                   • these rules; or
12                 • other rules prescribed by the Supreme Court.
           Irrelevant evidence is not admissible.
13
           **FRE 403.    Excluding Relevant Evidence for Prejudice,**
14         **Confusion, Waste of Time, or Other Reasons**
           The court may exclude relevant evidence if its probative value is
15         substantially outweighed by a danger of one or more of the
           following: unfair prejudice, confusing the issues, misleading the
16         jury, undue delay, wasting time, or needlessly presenting
           cumulative evidence.
17
           In short, evidence is generally admissible at trial if it is relevant, unless the probative
18
   value of such evidence is substantially outweighed by such unwanted dangers as unfair prejudice
19
   or misleading the jury. "Unfair prejudice" means "the possibility that the evidence will excite the
20
   jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne*
21
   *v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire*
22
   *Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).
23

24

### A.      Plaintiff's Motions *in Limine*

Plaintiff brings 19 motions *in limine*. Dkt. No. 29. Defendant does not oppose nine of the motions and opposes the rest. Dkt. No. 32.

#### 1.      *Settlement discussions and statements of damages in initial disclosures*

Plaintiff seeks to exclude any evidence or arguments regarding settlement discussions, offers, statements of damages in initial disclosures, or mediation efforts pursuant to FRE 408, which restricts the use of evidence regarding settlement discussions or negotiations. Dkt. No. 29 at 4. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

#### 2.      *Retention of attorneys and attorney contingent fees*

Plaintiff seeks to exclude any references to Plaintiff's retention of her counsel or her counsel's handling of the case, including references to the size of counsel's law firm and their representation of any other individuals involved in Amtrak derailments, pursuant to FRE 401–403. Dkt. No. 29 at 4–5. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

#### 3.      *Motions from litigation*

Plaintiff seeks to exclude any references to motions, including the Parties' motions *in limine*, from this litigation to the jury, pursuant to FRE 401–403. Dkt. No. 29 at 5. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

#### 4.      *Collateral sources*

Plaintiff seeks to exclude any references to any collateral sources of payment that Plaintiff may have received or may be entitled to arising out of the same derailment at issue, under the common law collateral source rule. *See, e.g.*, *Johnson v. Weyerhaeuser Co.*, 953 P.2d

800, 802 (Wash. 1998) (en banc) ("The common law collateral source rule allows an injured party to recover compensatory damages from a tortfeasor without regard to payments the injured party received from a source independent of the tortfeasor."); *see also* Dkt. No. 29 at 5–6. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

### 5.    *Any party's financial condition or status*

Plaintiff seeks to exclude any references to the Parties' financial status, including the financial condition of any business operated by any Party, pursuant to FRE 401–403. Dkt. No. 29 at 6. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

### 6.    *Effect on insurance or tax rates*

Plaintiff seeks to exclude any argument or implication to the jury that the jury may be affected, as insurance policy holders or taxpayers, by an award of monetary damages to Plaintiff, pursuant to FRE 401–403. Dkt. No. 29 at 6–7. Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

### 7.    *Notification of witnesses*

Plaintiff requests that counsel for each Party notify the other Party, by the end of each day, of who will testify at trial the next day. Dkt. No. 29 at 7. Defendant does not oppose the motion. Dkt. No. 32 at 2.

While this is not technically a motion *in limine*, the Court GRANTS Plaintiff's request given the lack of opposition and in the interests of a fair and efficient trial for both Parties.

8.      ***Attacks on counsel, including prior retention of experts***

Plaintiff seeks to exclude any arguments or evidence attempting to "try the lawyers"

pursuant to FRE 401–403. Dkt. No. 29 at 7–8. Plaintiff includes in this category any references

to an expert witness's involvement in other cases with the same counsel. *Id.* Defendant argues

that, while Defendant does not plan to attack or otherwise impugn Plaintiff's counsel, Defendant

is entitled to examine expert witnesses on their prior work as experts, including whether they

have worked with the same counsel before and to what extent they have been retained by the

plaintiff or defense in other cases. Dkt. No. 32 at 3.

The Court expects counsel, as officers of the court, to comply with the rules and

expectations of professional conduct, including this Court's specific Chambers Procedures. *See*

Standing Order for All Civil Cases, Section VIII.A, Judge Tana Lin (last updated Apr. 26, 2022),

https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf. Further,

"[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of

credibility, has historically been entitled to assess all evidence which might bear on the accuracy

and truth of a witness'[s] testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). The Court

agrees with Defendant that the Parties may seek to point to potential biases of expert witnesses,

including in relation to the expert's prior work and financial interest or compensation, but the

Court also cautions the Parties that any such lines of questioning must be restrained and

minimized to avoid unnecessary detail or impropriety. *See, e.g., Finjan, Inc. v. Sophos, Inc.*,

2016 WL 45071, at *8 (N.D. Cal. Aug. 22, 2016) (defendant may seek to show experts' bias

through questions regarding compensation and prior experience with plaintiff, but defendant may

not elicit exact compensation amounts). *Cf. Hangarter v. Provident Life & Accident Ins. Co.*, 373

F.3d 998, 1011 (9th Cir. 2004) (jury's finding that defendant conducted a biased investigation

1    was justified in part by evidence that defendants used the same investigator numerous times and

2    that in all cases analogous to case at hand, the investigator reached pro-defendant conclusions).

3         Accordingly, the Court GRANTS in part Plaintiff's motion as it relates to the exclusion of

4    any attacks on opposing counsel (rather than their cases) by both sides, but DENIES in part

5    Plaintiff's motion as it relates specifically to any questions or arguments related to expert

6    witnesses and their prior work. However, the Court cautions the Parties that any representations

7    or arguments as to an expert's prior work or compensation must be tied to the facts that will be

8    elicited at trial. Parties are also reminded that what is good for the goose is good for the gander,

9    and that professional, fair conduct will be mutually beneficial.

10                    *9.    Witnesses not called*

11        Plaintiff seeks to exclude any argument or reference to a Party's decision to not call a

12   specific witness, such as an expert or treating physician, to avoid any inferences drawn from the

13   failure to call such witness. Dkt. No. 29 at 8. Plaintiff argues that calling all of Plaintiff's treating

14   providers may just be repetitive and cumulative evidence, as well as expensive and

15   burdensome. *Id.* Defendant objects, arguing that it must be permitted to point it out if Plaintiff

16   fails to put any treating provider on the stand, as an example. Dkt. No. 32 at 5–6.

17        Plaintiff's request is over-broad and too hypothetical, as demonstrated by the Parties'

18   own arguments, which revolve around scenarios where *all* treating providers are put on the stand

19   (Plaintiff's argument) or where *no* treating provider is put on the stand (Defendant's argument).

20   Plaintiff also takes too much liberty in arguing that "[i]t is well settled that . . . no inference can

21   arise from the failure of either party to call a witness, especially where such testimony would be

22   cumulative." Dkt. No. 29 at 8. Plaintiff cites to—but does not discuss—two cases in support of

23   her argument: *Mothershead v. Adams*, in which the Washington Court of Appeals evaluated

24   whether the plaintiffs were entitled to a deposition of the defendant's medical expert under

*Washington's* procedural rules that were in place forty years ago, 647 P.2d 525, 528 (Wash. Ct. App. 1982); and *Carlos v. Cain*, which in part rejected the argument that the *defendant's* failure to call one of plaintiffs' treating doctors as a witness showed that the doctor would have provided unfavorable testimony for the defendant, 481 P.2d 945, 948 (Wash. Ct. App. 1971). Neither case supports Plaintiff's argument; nor are they pertinent to the Parties' dispute here.

In short, Plaintiff has failed to show that any references to the absence of any particular witness would be inadmissible on all potential grounds. *See, e.g.*, *Sims*, 550 F. Supp. 3d at 912 (better to defer evidentiary ruling until trial where context can be determined, unless the evidence would be inadmissible on all grounds). Accordingly, the Court RESERVES RULING on Plaintiff's motion *in limine* and will rule on a case-by-case basis as needed.

### 10.     General damages reduced to present value

Plaintiff seeks to exclude any argument that any award of general damages should be reduced to account for the rate of increased value over time in the future from investing the award. Dkt. No. 29 at 9. Defendant does not oppose as to the award of general damages but argues that future economic damages must be based on present cash value. Dkt. No. 32 at 6–7.

Defendant's argument regarding future economic damages is not properly before the Court as a motion. Plaintiff's motion *in limine* is limited to the award of general damages, and Defendant does not oppose. Given the lack of opposition to Plaintiff's actual request, the Court GRANTS Plaintiff's motion *in limine*.

### 11.     Reference to whether any recovery is subject to taxation

Plaintiff seeks to exclude any evidence related to whether any recovery from this case would be subject to federal income tax or other taxes. Dkt. No. 29 at 9. Defendant opposes, noting that a jury award in this case will not be subject to income tax and arguing that federal

common law requires that, upon request, the jury be instructed on the taxation implications of an award, so that the jury does not inflate its award to account for taxes. Dkt. No. 32 at 7–8.

As Defendant points out, a jury award in this case would be exempt from federal income tax and state income tax. *See* 26 U.S.C. § 104(a)(2) ("amount of any damages . . . on account of personal physical injuries" exempt from IRS definition of gross income); Or. Rev. Stat. § 316.048 (taxable income of Oregon resident is the federal taxable income defined by federal law); Dep't of Revenue Wash. State, Income tax (last visited Aug. 31, 2022), https://dor.wa.gov/taxes-rates/income-tax ("Washington state does not have a personal . . . income tax.").[1] In *Norfolk & Western Railway Co. v. Liepelt*, the Supreme Court held, in a wrongful death action brought under the Federal Employers' Liability Act, that the trial court erred when it declined to instruct the jury that its award was not subject to federal income taxes. 444 U.S. 490, 497–98 (1980). The Supreme Court reasoned that the jury instruction would help prevent jury error and could do no harm. *Id.*; *see also Davis v. GKD Mgm't, L.P.*, 2018 WL 6716694, at *2 (M.D. La. Dec. 21, 2018) (denying motion *in limine* to exclude information to jury that award would not be subject to federal income tax, given *Norfolk & Western Railway Co.*). The Court agrees.

Plaintiff provides no explanation for why such evidence should be nonetheless excluded. Plaintiff cites to—but does not discuss—case law that analyzes whether the calculation of a plaintiff's probable future earnings, as part of calculating damages, should account for income taxation on such future earnings. *See Hinzman v. Palmanteer*, 501 P.2d 1228, 1232 (Wash. 1972)

---

[1] According to Defendant, Plaintiff may currently reside in Oregon. Dkt. No. 32 at 7.

1    (en banc); *Geris v. Burlington N., Inc.*, 561 P.2d 174, 177 (Or. 1977). This is irrelevant to the

2    issue of whether Plaintiff's ultimate "recovery is subject to taxation."[2] *See* Dkt. No. 29 at 9.

3              Accordingly, the Court DENIES Plaintiff's motion *in limine*.

4                      **12.    Amtrak's "good character"**

5              Plaintiff seeks to exclude any evidence or argument regarding Amtrak's "good" acts or

6    other sympathetic characteristics, such as the services that Amtrak provides to the public or any

7    benefits that Amtrak provided to Plaintiff after the derailment, pursuant to FRE 404(a), which

8    limits the introduction of character evidence. Dkt. No. 29 at 9–10. Defendant does not oppose the

9    motion. Dkt. No. 32 at 2.

10             Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

11                     **13.    Childhood sexual abuse**

12             Plaintiff seeks to exclude any evidence or arguments regarding any sexual abuse that

13   Plaintiff suffered during her childhood, including any such references in medical records, for

14   lack of relevance and unfair prejudice, as well as the dangers of belittling or embarrassing

15   Plaintiff, under FRE 401–403. Dkt. No. 29 at 10. Defendant represents that it does not intend to

16   affirmatively put forth evidence related to any sexual abuse that Plaintiff may have suffered but

17   argues that it must be permitted to present evidence regarding any pre-existing conditions and

18   their causes if Plaintiff seeks to recover for emotional injuries resulting from the derailment at

19   issue. Dkt. No. 32 at 9.

20             Plaintiff's concern behind this and many of the following motions *in limine* focused on

21   excluding information regarding Plaintiff's personal life seems to be colored by the behavior of

22   Defendant's counsel in prior cases. For example, Plaintiff's counsel represents that, in a prior

23

24   ---

[2] The Court will not conjecture as to whether Plaintiff intended a different motion *in limine*, particularly in the absence of any explanations from Plaintiff in her motion *in limine* that might shed such light.

1    trial over an Amtrak derailment, the same counsel for Defendant sought to present evidence of

2    "embarrassing Tik Tok videos portraying the Plaintiff singing along to music containing

3    profanity" and that the "sole purpose of presenting this video [appeared to be] to attempt to

4    distract the jury and to prejudice them against her." Dkt. No. 29 at 2. Ultimately, the video was

5    played without the sound. *Id.* at 2–3; Dkt. No. 30 at 9–10.

6          In addition to adhering to FRE 401–403, the Court must ensure that witnesses are

7    protected from harassment or undue embarrassment. *See* FRE 611(a)(3). Here, the Court

8    recognizes the high risk of unfair prejudice and embarrassment present in the introduction of any

9    evidence regarding Plaintiff's sexual abuse, which she suffered as a child and at the hands of a

10   family member. Though in a different context, the Advisory Committee of the Federal Rules of

11   Evidence has recognized the dangers of the "invasion of privacy, potential embarrassment and

12   sexual stereotyping that is associated with public disclosure of intimate sexual details and the

13   infusion of sexual innuendo into the factfinding process" that may result from the introduction of

14   a witness's sexual history into evidence. *See* Fed. R. Evid. 412 advisory committee's note to

15   1994 amendment. Further, Plaintiff is approximately 55 years old (Dkt. No. 33-5 at 2), and so

16   any sexual abuse that may have occurred in her childhood is temporally far removed from the

17   injuries at issue in this case—which suggests that such history would have little probative value

18   in this case.

19         However, the Court also recognizes that psychological injuries and other effects on one's

20   life from traumatic experiences can be long-lasting, if not permanent, and that such injuries—

21   such as Post-Traumatic Stress Disorder ("PTSD") and other psychiatric diagnoses—could impact

22   the calculus of Plaintiff's damages, to the extent that such psychiatric diagnoses existed at the

23   time of the derailment and continued beyond. *See United States v. Sasso*, 59 F.3d 341, 347–48

24   (2d Cir. 1995) ("In assessing the probative value of [a witness's psychological history], the court

1    should consider such factors as the nature of the psychological problem, the temporal recency or

2    remoteness of the history, and whether the witness suffered from the problem at the time of the

3    events to which she is to testify." (citations omitted)). The Court also does not know what

4    damages Plaintiff seeks to recover from the jury and what specific evidence Defendant seeks to

5    introduce, making it difficult to balance the competing interests at issue.

6        Accordingly, the Court RESERVES RULING on this motion *in limine*. However, Defendant

7    is cautioned to restrict its evidence on this issue, and that any evidence or arguments beyond the

8    medical symptoms, diagnoses, and treatment (including the duration of such) of Plaintiff's

9    psychiatric conditions will be closely scrutinized and limited by the Court.

10                    *14.    Abuse or domestic violence from past and present relationships*

11       Plaintiff seeks to exclude any evidence or arguments regarding any physical, verbal, or

12   emotional abuse that Plaintiff suffered during her past and present relationships, including any

13   such references in medical records, for lack of relevance and unfair prejudice, as well as the

14   dangers of belittling or embarrassing Plaintiff, under FRE 401–403. Dkt. No. 29 at 10–11.

15   Defendant argues that, if Plaintiff pursues emotional injuries as a part of her claim for damages,

16   Defendant must be permitted to introduce evidence of her pre-existing conditions (such as

17   PTSD) and their causes. Dkt. No. 32 at 10–11. Defendant also argues that evidence regarding

18   Plaintiff's post-derailment relationship in particular is relevant to Plaintiff's claimed emotional

19   and physical injuries, including the cause of such injuries. *Id.* at 11.

20       The balancing of the factors here is similar to the prior motion *in limine* regarding

21   Plaintiff's history of sexual abuse, with the caveat that the abuse or domestic violence at issue

22   may have a temporal closeness or overlap with the derailment and related injuries, unlike

23   Plaintiff's childhood sexual abuse, and so may have slightly more probative value. But given the

24   Court's lack of knowledge about the context, including what relevant damages Plaintiff seeks

and what specific evidence Defendant seeks to introduce, the Court is not able to make a determination on this motion *in limine* at this time.

Accordingly, the Court again RESERVES RULING on this motion *in limine*. However, Defendant is cautioned that any evidence or arguments beyond the medical symptoms, diagnoses, and treatment (including the duration of such) of Plaintiff's psychiatric conditions will be closely scrutinized and limited by the Court.

### 15. *Abuse from stepfather*

Plaintiff seeks to exclude any evidence or arguments regarding any abuse that Plaintiff suffered from her stepfather, including any such references in medical records, for lack of relevance and unfair prejudice under FRE 401–403. Dkt. No. 29 at 11. Defendant asserts the same arguments as in the immediately preceding motion *in limine* regarding abuse and domestic violence in Plaintiff's relationships. Dkt. No. 32 at 10–11.

The Court adopts the same analysis as in the immediately preceding motion *in limine* regarding the testimony of Plaintiff's personal history.

Accordingly, the Court RESERVES RULING on this motion *in limine*, but issues the same restrictions and cautionary note to Defendant as in the immediately preceding motion.

### 16. *Substance abuse*

Plaintiff seeks to exclude any evidence or arguments regarding any substance abuse by Plaintiff under FRE 401–403. Dkt. No. 29 at 11–12. Specifically, Plaintiff represents that she had a history of alcohol abuse in the past but that she no longer drinks alcohol. *Id.* at 11. Defendant argues that Plaintiff appears to have had more recent substance abuse issues, pointing to medical records indicating that she may have been abusing her pain medication as of March 2018, and that such evidence is relevant to show Plaintiff's refusal to follow medical advice and for the credibility of Plaintiff as a witness. Dkt. No. 32 at 11.

The Court adopts the same analysis as in the immediately preceding motion *in limine* regarding the testimony of Plaintiff's personal history. The Court also notes that Plaintiff's alcohol abuse appears to have ended long before the derailment, which Defendant does not deny, and so may have little to no probative value to this case. On the other hand, as Defendant notes, there appears to be a potential discrepancy created by Plaintiff's answers during her deposition ("my psychiatrist now will tell you I don't have a drug problem," *see* Dkt. No. 30 at 24) and her March 2018 medical records ("she is already abusing what she is given" / "We discussed that this is dangerous and not to take more than prescribed," *see* Dkt. No. 33-7 at 2) that may be relevant at trial, depending on the context.

Accordingly, the Court RESERVES RULING on this motion *in limine*, but issues the same restrictions and cautionary note to Defendant as in the immediately preceding motion.

### 17.    *Criminal history*

Plaintiff seeks to exclude any evidence and arguments related to her prior criminal convictions and infractions under FRE 401–403. Dkt. No. 29 at 12. Plaintiff also argues that her prior criminal convictions and infractions are not admissible under FRE 609, which limit the introduction of a criminal conviction to attack a witness's character for truthfulness. *Id.* Defendant does not oppose the motion. Dkt. No. 32 at 2.

Given the lack of opposition, the Court GRANTS Plaintiff's motion *in limine*.

### 18.    *Housing status*

Plaintiff seeks to exclude any evidence or arguments regarding Plaintiff's housing status, including any experience with homelessness or eviction, under FRE 401–403. Dkt. No. 29 at 12. Defendant opposes to the extent that Plaintiff's housing status may be probative in relation to claims that Plaintiff may make for the loss of enjoyment of life and other general damages,

Plaintiff's employment capacity, or Plaintiff's financial condition before or after the derailment at issue. Dkt. No. 32 at 11–12.

In addition to the balancing of factors under FRE 401–403, the Court is mindful of ensuring that witnesses are protected from harassment or undue embarrassment. *See* FRE 611(a)(3). However, as Defendant notes, Plaintiff's housing status may be relevant to the determination of Plaintiff's damages. While the Court is sensitive to the high risk of unfair prejudice and embarrassment to Plaintiff, the Court is unable to balance the competing factors in the absence of more specific information regarding the Parties' arguments and the evidence at issue.

Accordingly, the Court RESERVES RULING on Plaintiff's motion *in limine*.

### 19.    *Boyfriend's controlling behavior*

Plaintiff seeks to exclude any evidence or arguments relating to Plaintiff's boyfriend's allegedly controlling behavior, including his desire to take any money that Plaintiff may be rewarded in this case, as irrelevant, speculative, and unfairly prejudicial under FRE 401–403. Dkt. No. 29 at 13. Plaintiff argues that presenting any such information to the jury could induce the jury to speculate that Plaintiff's boyfriend would take any award and therefore reduce the award to Plaintiff. *Id.* Defendant opposes to the extent that any relationship issues and significant stressors in Plaintiff's life after the derailment are clearly relevant to any emotional injury for which Plaintiff may seek to recover. Dkt. No. 32 at 12.

In addition to the balancing of factors under FRE 401–403, the Court is also mindful of ensuring that witnesses are protected from harassment or undue embarrassment. *See* FRE 611(a)(3). Evidence regarding Plaintiff's issues with her boyfriend could be highly prejudicial and embarrassing to Plaintiff, and it would also be improper for the jury to consider the risk of Plaintiff's boyfriend taking any portion of the jury's award to Plaintiff. Such evidence is also

only relevant as to the determination of the causation of Plaintiff's emotional injury arising out of the derailment.

Accordingly, the Court GRANTS in part Plaintiff's motion *in limine* and will exclude evidence or arguments relating to Plaintiff's boyfriend taking any portion of the jury award in this case. The Court otherwise RESERVES RULING on the motion. However, *should* Defendant introduce any evidence of Plaintiff's romantic relationship issues, Defendant is cautioned that, given the high risk of unfair prejudice, the Court will only permit limited material on this issue.

### B.    Defendant's Motions *in Limine*

Defendant brings 18 motions *in limine*. Dkt. No. 27. Plaintiff does not oppose seven of the motions and opposes the rest. Dkt. No. 34.

#### 1.    *Dr. Virtaj Singh and related opinions regarding future Botox injections*

Pursuant to FRE 702, which governs the admissibility of expert witness testimony, Defendant seeks to exclude the opinion of Plaintiff's expert witness Dr. Virtaj Singh regarding future Botox injections—namely, his opinion that Plaintiff is likely to need Botox injections every three months for the rest of her life—and the related portion of Plaintiff's life care plan. Dkt. No. 27 at 2. Defendant argues that Dr. Singh's opinion regarding the future Botox injections is too speculative and has little basis. *Id.* Plaintiff opposes, arguing that Dr. Singh's opinion is admissible under FRE 702 and that his opinions are not too speculative. Dkt. No. 34 at 2–5.

Under FRE 702, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under [FRE] 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). The reliability inquiry "requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Id.* at 1188–89 (quoting *Estate of Barabin*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc)).

Once this threshold inquiry is satisfied, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 592, 596; *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible evidence is to be attached by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). In short, provided that the Court finds Dr. Singh's opinion is relevant and reliable, it is the province of the jury to determine whether Dr. Singh's opinion is, in fact, credible, persuasive, and/or correct.

Defendant does not object to Dr. Singh's qualifications to opine on Plaintiff's future Botox injections or Dr. Singh's opinion that Botox injections is an appropriate treatment for cervical dystonia. Instead, Defendant argues that Dr. Singh acknowledged that Botox would only be prescribed if Plaintiff had cervical dystonia, but none of Plaintiff's treating providers have diagnosed her with cervical dystonia. *Id.*; *see also* Dkt. No. 28-3 at 4 (Dr. Singh deposition transcript excerpt). Defendant ignores, however, that Dr. Singh himself—a medical professional who examined Plaintiff and her records—diagnosed Plaintiff with cervical dystonia. *See* Dkt.

No. 36 at 2 (Dr. Singh's declaration). The jury may question the persuasiveness of Dr. Singh's diagnosis, but the Court does not doubt that it is appropriate for Dr. Singh to prescribe a treatment based on his own diagnosis.

Defendant also argues that Dr. Singh's opinion on Plaintiff's future Botox injections is too speculative because he specified that the continuation of the treatment would depend on future diagnostic testing and ongoing success of such injections. Dkt. No. 27 at 2. But finding that such qualifiers make future treatment plans too speculative would render almost *any* expert medical opinions regarding future treatment inadmissible—and the Court declines to reach such a conclusion. *See Primiano*, 598 F.3d at 566 ("A trial court should admit medical expert testimony if physicians would accept it as useful and reliable, but it need not be conclusive because medical knowledge is often uncertain." (internal quotation marks omitted) (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006))). Dr. Singh opined that, in spite of the inherent uncertainties in ascribing a future treatment plan, Plaintiff would benefit from Botox injections on a more probable than not basis. Dkt. No. 36 at 2. The Court does not find any fault in the relevance or reliability of Dr. Singh's methodology and trusts that Defendant will appropriately attack the persuasiveness of his opinion through cross-examination, contrary evidence, and other traditional tools of trial.

Accordingly, the Court DENIES Defendant's motion *in limine*.

Defendant also seeks to reserve the right to bring additional motions *in limine* based on Plaintiff's other experts. Dkt. No. 27 at 2. Given the passage of time since then and the lack of explanation as to why Defendant failed to bring these motions on a timely basis, the Court will not permit any such motions.

2.    *Amtrak's liability*

Defendant seeks to exclude any evidence of and references to Amtrak's liability as irrelevant and unfairly prejudicial, pursuant to FRE 401–403. Dkt. No. 27 at 2–4. Defendant has admitted liability and only contests the question of damages, and Defendant argues that any evidence that only goes to liability and not damages should be excluded. *Id.* at 2–3. Defendant specifically includes in this category references to the derailment as well as statements issued by Amtrak officials to the media and public regarding the derailment. *Id.* at 3–4. Plaintiff opposes, to the extent that any evidence regarding the derailment might be relevant to damages—such as photographs of the derailment or informing the jury that the derailment occurred. Dkt. No. 34 at 6–7; *see also id.* at 7 ("Plaintiff also does not intend on introducing . . . evidence which is strictly relating to 'liability.'"). Plaintiff argues that the derailment and its aftermath, including Plaintiff's own experience during it, is context necessary to present her injuries, including emotional injuries, to the jury. *Id.*

In essence, neither Party disputes that any evidence that is strictly relevant to liability and not damages should be excluded—rather, they dispute the extent to which certain evidence regarding the derailment might be relevant to damages. The Court agrees with Plaintiff that the fact of the derailment, and Plaintiff's experience of it, is relevant to the determination of Plaintiff's damages, including any physical or emotional injuries. Facts such as the velocity of the train at the time of the derailment may be relevant as well. *See, e.g.*, *Snyder v. Gen. Elec. Co.*, 287 P.2d 108, 112–13 (Wash. 1955) (limited descriptions by counsel and witness testimony regarding a bus collision tended to show the force and direction of the impact and were admissible in a damages-only trial). On the other hand, photographs or images of the derailment of the train may have less probative value, as they do not show Plaintiff's individual experiences and injuries but have an increased risk of unfair prejudice given that such depictions may evoke

an emotional reaction from members of the jury.[3] It is also difficult to say, without knowing the contents, whether Amtrak's statements regarding the derailment would be relevant to Plaintiff's damages. Ultimately, the Court's proper evaluation of the evidence at issue will depend on the context and the extent to which Plaintiff seeks to introduce evidence regarding the derailment.

Accordingly, the Court RESERVES RULING on the motion *in limine*. As a general matter, the Parties may not introduce evidence or make references strictly related to liability and not damages. The Court will, however, rule on a case-by-case basis to the extent that Parties dispute what evidence might be relevant for damages. Plaintiff is cautioned that the Court will only permit evidence regarding the derailment to the extent necessary to establish the factual causes of Plaintiff's injuries and nothing more.

### 3. Specific safety or liability evidence

Defendant seeks to exclude certain evidence, arguments, and references that it contends relate solely to liability: (1) any testimony of Amtrak employees or third parties, including representatives and agents of the National Transportation Safety Board, called by Plaintiff to testify on safety or liability issues; (2) any exhibits relating to liability, including photographs of the train involved in the derailment and "DVR Video Snapshots"[4]; and (3) any references or arguments to Positive Train Control ("PTC"). Dkt. No. 27 at 4–5. Plaintiff represents that she does not intend to call any Amtrak employees or third parties as witnesses or introduce any evidence regarding PTC—nor any evidence that strictly relates to liability. Dkt. No. 34 at 7. However, Plaintiff opposes the exclusion of photographs of the derailment, including DVR

---

[3] Despite Defendant's assertion that "[s]imilar motions *in limine* have been granted in this jurisdiction in matters with nearly identical facts" (Dkt. No. 27 at 4), the ruling Defendant cited in support of the statement actually "allow[ed] a limited amount of information depicting the derailment and the scene of it" (Dkt. No. 28-4 at 3).

[4] Defendant does not provide an explanation for what this term means, but the Court presumes from its name and the context that they contain depictions of the train and/or derailment at issue.

Video Snapshots, on the same grounds as the immediately preceding motion *in limine*—that is, for their relevance to proving Plaintiff's damages. *Id.* at 6–7.

As previously stated, the Court agrees that the fact that the derailment occurred, details regarding the force and direction of the impact that Plaintiff suffered during the derailment, and Plaintiff's experience of the derailment are relevant to the determination of Plaintiff's damages. On the other hand, visual evidence of the derailment has a higher risk of unfair prejudice and less probative value, given that such photographs and other images may not be directly tied to Plaintiff's injuries. However, the Court is unable to appropriate balance these factors absent further information, such as the specific evidence at issue, what injuries Plaintiff seeks to recover for, and other context.

Accordingly, the Court GRANTS in part Defendant's motion *in limine* with regards to the testimony of Amtrak employees or third parties and PTC, given the lack of opposition. The Court RESERVES RULING on the remainder and will rule on a case-by-case basis as needed.

### 4.     *Evidence not produced during discovery*

Defendant seeks the exclusion of any documents, photographs, or exhibits that have not previously been disclosed or produced during discovery. Dkt. No. 27 at 5. Defendant argues that the Parties have a continuing duty to disclose documents that each Party may use to support its claims or defenses, *see* Fed. R. Civ. P. 26(a) & (c), and that a Party may not introduce or use at trial any information that was not properly disclosed, *see* Fed. R. Civ. P. 37(c)(1). Dkt. No. 27 at 5. Plaintiff opposes, arguing that Defendant seeks a broad exclusionary order essentially requiring that the Parties follow the rules and that it would be more appropriate to argue the issue on a case-by-case basis. Dkt. No. 34 at 8.

The Court agrees with Defendant in principle but also agrees with Plaintiff that Defendant's motion is too broadly exclusionary. The Court trusts that counsel, as officers of the

court, will comply with the applicable rules. Notably, Federal Rule of Civil Procedure 37(c)(1) still permits the introduction of evidence not previously disclosed if the failure to disclose was substantially justified or is harmless. Defendant seeks a wholesale prohibition of any document not previously disclosed, which is more restrictive in scope.

Accordingly, the Court RESERVES RULING on Defendant's motion *in limine* and will rule on a case-by-case basis as needed.

### 5.    *Testimony of treating providers outside their treatment*

Defendant seeks to limit the testimony of any of Plaintiff's treating providers to opinions determined at the time of, and as part of, providing medical care to Plaintiff. Dkt. No. 27 at 5–6. Plaintiff opposes, arguing that Defendant's motion is too broad and vague. Dkt. No. 34 at 8.

Federal Rule of Civil Procedure 26(a)(2)(B) requires expert witnesses to submit a written report on their opinions, but this only applies to treating providers if they provide opinions not formed during the course of treatment. *See Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 825–26 (9th Cir. 2011) (treating physician is exempt from Rule 26(a)(2)(B) requirements "to the extent that his opinions were formed during the course of treatment"). Failure to abide with the disclosure requirements must be substantially justified or harmless for the testimony to be admissible. Fed. R. Civ. P. 37(c)(1). The Court does not have the specific information necessary at this time, however, to examine whether any of Plaintiff's treating providers' testimony is inadmissible under *Goodman* and Rule 37(c)(1).

Accordingly, the Court RESERVES RULING on Defendant's motion *in limine* and will rule on a case-by-case basis as needed.

### 6.    *Cumulative fact or expert witness*

Defendant seeks to exclude any cumulative fact or expert witnesses that Plaintiff may introduce at trial as needlessly cumulative pursuant to FRE 403 and Local Civil Rule ("LCR")

43(j). Dkt. No. 27 at 6–7; *see also* LCR 43(j) ("Except as otherwise ordered by the court, a party shall not be permitted to call more than one expert witness on any subject."). Plaintiff opposes, arguing that Defendant fails to identify any specific evidence or testimony to exclude and that Defendant prematurely speculates as to the scope of Plaintiff's treating provider witnesses and their testimony. Dkt. No. 34 at 8–9. Plaintiff also argues that the testimony of her treating providers will not be cumulative and are necessary to establish Plaintiff's injuries. *Id.*

While the Court agrees with the principle of avoiding needless cumulative evidence, including witness testimony, Defendant's motion is overly broad and vague. Defendant notes that Plaintiff identified 12 treating providers[5] and that their anticipated testimonies "are virtually identical," but the Court lacks certainty that all 12 providers will be called as witnesses nor the exact anticipated cumulative contents of their testimony. The Court's consideration of this issue requires case-by-case determination with appropriate context. *See United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984) (affirming district court's exclusion of expert testimony in part based on the evidence being cumulative).

Accordingly, the Court RESERVES RULING on Defendant's motion *in limine* and will rule on a case-by-case basis as needed.

### 7.    *"Anchoring" the jury to an amount for non-economic damages*

Defendant seeks to exclude any references to a specific figure or ranges for non-economic damages during Plaintiff's opening and closing statements as improper and highly prejudicial. Dkt. No. 27 at 7–9. Plaintiff opposes, arguing that Defendant's position is contrary to the common practice of Washington and the Ninth Circuit, case law, and the behavior of Defendant's counsel in prior Amtrak derailment trials, where the same defense counsel

---

[5] Defendant refers to "the pretrial order" as the source of this information, but no pretrial order has yet been filed in this case.

1    suggested a specific figure for past and future pain and suffering to the jury during closing. Dkt.

2    No. 34 at 9–10 (citing Dkt. No. 35-1 at 3). Plaintiff also argues that, as Defendant concedes, the

3    Ninth Circuit's standard jury instructions state that the arguments of counsel are not evidence,

4    and that juries are presumed to follow jury instructions. *Id.* at 10; *see* Ninth Circuit Civil Model

5    Jury Instruction § 1.10(1) ("Arguments and statements by lawyers are not evidence.").

6        Both Parties have brought other motions *in limine* seeking to limit, at least in part,

7    arguments and not strictly evidence. Therefore, the Court presumes that the Parties do not

8    dispute that certain arguments can be so misleading, inflammatory, or otherwise unjust as to be

9    excludable. Here, however, such risk of prejudice is absent. Notably, Defendant points to no case

10   law in the Ninth Circuit or Washington state prohibiting "anchoring" arguments. Defendant is

11   free to argue to the jury that any figures that Plaintiff's counsel proposes is arbitrary,

12   unreasonable, or otherwise unpersuasive, or to propose its own competing figures.

13       Accordingly, the Court DENIES Defendant's motion *in limine*.

14                    ***8.     Media reports regarding an Amtrak derailment***

15       Defendant seeks to exclude any media reports regarding any Amtrak derailment, pursuant

16   to FRE 401–403. Dkt. No. 27 at 9. Plaintiff opposes the motion as overly broad, to the extent that

17   Defendant seeks to exclude photographic and video evidence that may show the train's speed,

18   force, and direction upon derailment, which Plaintiff argues is relevant to Plaintiff's physical and

19   emotional injuries. Dkt. No. 34 at 10–11. Plaintiff also argues that media reports containing

20   statements by Amtrak employees are admissible as statements of an opposing party. FRE

21   801(d)(2).

22       The Court notes that media reports generally are likely hearsay, *see* FRE 801(c), but a

23   party may be able to lay the proper foundation for photographs, videos, and statements by

24   Amtrak employees contained within a report. *See, e.g.*, FRE 801(d)(2) (statements of party

opponents are admissible evidence). In any case, the Court agrees that media reports about Amtrak derailments, particularly any derailment other than the July 2, 2017 derailment, could present risks of unfair prejudice and confusion to the jury. However, it is also possible that certain media reports will provide information relevant to Plaintiff's damages, such as the force and direction of the impact she suffered. It is difficult, absent context, for the Court to balance these factors appropriately.

Accordingly, the Court GRANTS in part Defendant's motion *in limine*, and media reports regarding any derailment other than the July 2, 2017 derailment are excluded. The Court RESERVES RULING as to the remainder, to the extent that proper foundation can be laid and the Parties can show relevance and/or risk of unfair prejudice on a case-by-case basis as needed.

### 9. *Discovery orders or issues*

Defendant seeks to exclude references to any discovery issues, motions, and/or orders issued by this Court regarding discovery, pursuant to FRE 401–403. Dkt. No. 27 at 9. Plaintiff does not oppose the motion. Dkt. No. 32 at 11.

Given the lack of opposition, the Court GRANTS Defendant's motion *in limine*.

### 10. *Inflammatory questioning, statements, and arguments by counsel*

Defendant seeks to bar Plaintiff's counsel from engaging in "inflammatory and misleading questioning of witnesses," "making statements or arguments or eliciting testimony from their witnesses that is designed solely to disparage Amtrak rather than prove an issue in controversy," or generally making "statements or arguments that are outside the range permitted at various stages of the trial." Dkt. No. 27 at 9. Plaintiff opposes, arguing that the motion is broad and vague, and that it is an improper attempt to restrict trial strategy and to police counsel's words at trial. Dkt. No. 34 at 11.

The Court agrees in spirit with Defendant's points and will not permit unprofessional conduct in the courtroom. But the Court also agrees with Plaintiff that Defendant's motion is too broad and vague at this stage, particularly given that Defendant's motion is not aimed at a category of evidence but instead rhetorical principles that may only result in additional and unnecessary arguments during trial.

Accordingly, the Court RESERVES RULING on Defendant's motion *in limine* and will rule on a case-by-case basis as needed. The Court expects counsel, as officers of the court, to comply with the rules and expectations of professional conduct and will rule as needed on a case-by-case basis during trial.

### 11.   *Amtrak derailments, crossing collisions, and other incidents*

Defendant seeks to exclude any evidence of or reference to other Amtrak train derailments, crossing collisions, or other incidents (including any statements issued by Amtrak officials regarding such incidents), pursuant to FRE 402 and 403. Dkt. No. 27 at 9–10. Plaintiff responds that she does not intend to introduce evidence of other Amtrak derailments. Dkt. No. 32 at 11.

Given Plaintiff's representation, the Court GRANTS Defendant's motion *in limine*.

### 12.   *Congressional intent in passing legislation*

Defendant seeks to exclude any evidence or arguments regarding congressional intent, particularly Congress's intent in enacting the FAST Act,[6] as irrelevant and unfairly prejudicial. Dkt. No. 27 at 10. Plaintiff responds that she does not intend to introduce evidence of the FAST Act or the congressional intent behind the Act. Dkt. No. 32 at 11.

Given Plaintiff's representation, the Court GRANTS Defendant's motion *in limine*.

---

[6] The Fixing America's Surface Transportation Act of 2015, Pub. L. No. 114-94, 129 Stat. 1312 (2015).

### 13.   *Reservation of rights for additional motions* **in limine**

Defendant seeks to reserve the right to bring additional motions *in limine*. Dkt. No. 27 at 11. Plaintiff opposes the filing of any additional motions *in limine* filed after the deadline (which passed on January 24, 2022, *see* Dkt. No. 22). Dkt. No. 34 at 11–12.

Subsequently, on July 28, 2022, the Court granted Defendant leave to conduct a limited second deposition of Plaintiff to obtain updated information. Dkt. No. 51. On August 29, 2022, Defendant filed a set of supplemental motions *in limine*, seeking exclusion of two additional categories of evidence specifically based on information that came to light during the second deposition of Plaintiff, which occurred on August 16, 2022. Dkt. No. 52.

The supplemental motions *in limine* appear limited in scope to information that was obtained in the recent deposition and could not have been brought in time for the January 24, 2022 deadline for motions *in limine*. Accordingly, the Court finds good cause to permit Defendant's supplemental motions *in limine*. The Court will rule on the supplemental motion *in limine* separately. However, absent good cause, no further motions *in limine* will be allowed.

### 14.   *Reference to motions* **in limine**

Defendant seeks to exclude references to the Parties' motions *in limine*, except as needed to enforce the rulings at trial. Dkt. No. 27 at 11. Plaintiff does not oppose the motion. Dkt. No. 32 at 12.

Given the lack of opposition, the Court GRANTS Defendant's motion *in limine*.

### 15.   *Comparative wealth of the Parties*

Defendant seeks to exclude any evidence or reference to the size, power, or wealth of the Parties, including any comparison between the size, power, or wealth of Amtrak and that of Plaintiff or any reference to Plaintiff's financial circumstances. Dkt. No. 27 at 11. Plaintiff does not oppose the motion and asks that the limitation be applied reciprocally, such that Amtrak is

precluded from introducing evidence or arguments regarding Plaintiff's living situation or place of residence. Dkt. No. 32 at 12.

Given the lack of opposition, the Court GRANTS Defendant's motion *in limine*. The Parties may not present any evidence or argument directly related to the Parties' wealth. As for Plaintiff's housing status, Parties are directed to review the Court's ruling above on evidence regarding this issue.

### 16.    *Liability insurance*

Defendant seeks to exclude any reference to any indemnity or liability insurance or insurance coverage of any sort that Amtrak may have, pursuant to FRE 411, which restricts evidence regarding a party's liability insurance. Dkt. No. 27 at 11. Plaintiff does not oppose the motion. Dkt. No. 32 at 12.

Given the lack of opposition, the Court GRANTS Defendant's motion *in limine*.

### 17.    *Punitive damages*

Defendant seeks to exclude any reference to punitive damages, or indeed any argument or implication that Amtrak should be "punished" or that the jury is the "conscience" of the community or should "send a message," as irrelevant and prejudicial pursuant to FRE 401–403. Dkt. No. 27 at 11–12. Plaintiff represents that she does not intend to seek punitive damages but opposes the motion to the extent that it seeks to unnecessarily restrict counsel's arguments during opening or closing statements at trial. Dkt. No. 34 at 11, 12.

The Court will not permit counsel to misstate the law and confuse the jury, including on whether the jury may award punitive damages in this case. It is possible that asking the jury to "send a message" to Defendant or such language would suggest—however inadvertently—that the jury is permitted to "punish" Defendant through punitive damages. *See, e.g.*, *Carr v. Cnty. of San Diego*, 2022 WL 2161513, at *7 (S.D. Cal. June 15, 2022) (denying similar motion *in limine*

where punitive damages were permitted). On the other hand, with proper jury instructions, the Court sees limited risk of confusing the jury on this issue merely through counsel's arguments and insinuations. *See Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107–08 (9th Cir. 1991) (affirming district court's ruling that calling on jury for "punishment" and to make sure defendants "never forget" was not prejudicial, despite directed verdict on punitive damages).

Accordingly, the Court GRANTS in part Defendant's motion *in limine*. The Parties may not reference punitive damages, to avoid confusing the jury. The Court otherwise RESERVES RULING on the motion. The Court will not overly police the Parties' rhetorical language during their arguments and declines to broadly rule that the Parties must avoid all possible implication to the jury of "punishing" Amtrak or similar language. To the extent that the Parties utilize language that could confuse the jury or imply that the jury may award punitive damages, the Court will rule on such language on a case-by-case basis as needed.

### 18.   *Settlement discussions and negotiations*

Defendant seeks to exclude any evidence or references to settlement discussions and compromises, pursuant to FRE 408. Dkt. No. 27 at 12. Plaintiff does not oppose the motion. Dkt. No. 32 at 12.

Given the lack of opposition, the Court GRANTS Defendant's motion *in limine*.

\* \* \*

The Court has considered the remainder of the Parties' arguments and finds them moot or unavailing.

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1)   For Plaintiff's motions *in limine* (Dkt. No. 29):

(a)   Motion *in limine* #1 is GRANTED.

1         (b)    Motion *in limine* #2 is GRANTED.

2         (c)    Motion *in limine* #3 is GRANTED.

3         (d)    Motion *in limine* #4 is GRANTED.

4         (e)    Motion *in limine* #5 is GRANTED.

5         (f)    Motion *in limine* #6 is GRANTED.

6         (g)    Motion *in limine* #7 is GRANTED.

7         (h)    Motion *in limine* #8 is GRANTED in part and DENIED in part.

8         (i)    Motion *in limine* #9 is RESERVED.

9         (j)    Motion *in limine* #10 is GRANTED.

10        (k)    Motion *in limine* #11 is DENIED.

11        (l)    Motion *in limine* #12 is GRANTED.

12        (m)    Motion *in limine* #13 is RESERVED.

13        (n)    Motion *in limine* #14 is RESERVED.

14        (o)    Motion *in limine* #15 is RESERVED.

15        (p)    Motion *in limine* #16 is RESERVED.

16        (q)    Motion *in limine* #17 is GRANTED.

17        (r)    Motion *in limine* #18 is RESERVED.

18        (s)    Motion *in limine* #19 is GRANTED in part and RESERVED as to the remainder.

19    (2)    For Defendant's motions *in limine* (Dkt. No. 27):

20        (a)    Motion *in limine* #1 is DENIED. Also, no additional motions *in limine*

21               based on Plaintiff's expert witnesses will be permitted.

22        (b)    Motion *in limine* #2 is RESERVED.

23        (c)    Motion *in limine* #3 is GRANTED in part and RESERVED as to the remainder.

24        (d)    Motion *in limine* #4 is RESERVED.

ORDER REGARDING
MOTIONS IN LIMINE - 30

1   (e)  Motion *in limine* #5 is RESERVED.

2   (f)  Motion *in limine* #6 is RESERVED.

3   (g)  Motion *in limine* #7 is DENIED.

4   (h)  Motion *in limine* #8 is GRANTED in part and RESERVED as to the remainder.

5   (i)  Motion *in limine* #9 is GRANTED.

6   (j)  Motion *in limine* #10 is RESERVED.

7   (k)  Motion *in limine* #11 is GRANTED.

8   (l)  Motion *in limine* #12 is GRANTED.

9   (m)  Motion *in limine* #13 is GRANTED in part, and Defendant's supplemental

10      motions *in limine* (Dkt. No. 52) are permitted. No further motions *in*

11      *limine* are permitted absent good cause.

12   (n)  Motion *in limine* #14 is GRANTED.

13   (o)  Motion *in limine* #15 is GRANTED.

14   (p)  Motion *in limine* #16 is GRANTED.

15   (q)  Motion *in limine* #17 is GRANTED in part and RESERVED as to the remainder.

16   (r)  Motion *in limine* #18 is GRANTED.

17 Dated this 7th day of September 2022.

18

19          Tana Lin

20          United States District Judge

21

22

23

24